**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **TERRY ARRINGTON,** | |
| Plaintiff, | Case No.: |
| vs. | |
| **METHOD PRODUCTS, PBC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

TERRY ARRINGTON ("Plaintiff"), through counsel, for his Complaint against Defendant, METHOD PRODUCTS, PBC., ("Defendant"), state:

### NATURE OF THE CASE

1.      This is an action to recover statutory damages and for injunctive relief arising out of unlawful collection, receipt, use, possession, retention and disclosure of the personal biometric identifiers and biometric information of Plaintiff in violation of the Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1 (2008).

### THE PARTIES

2.      Plaintiff is a natural person and is domiciled in Illinois.

3.      Defendant, METHOD PRODUCTS, PBC., is a Delaware corporation with places of business in Illinois.

4.      Defendant is registered with the Illinois Secretery of State and conducts business in the State of Illinois.

### JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the

1

matter in controversy exceeds $75,000.00[1] exclusive of punitive damages, and/or interest and costs, and is between citizens of different States.

6.  Jurisdiction is proper in this Court as Plaintiff is a citizen of Illinois and Defendant is a Delaware corporation that conducts business in Illinois.

7.  Defendant Method Products, PBC may be served through its registered agent Illinois Corporation Service C, 802 Adlai Stevenson Drive, Springfield, IL 62703.

8.  This Court has personal jurisdiction over Defendant because it conducts substantial business in Illinois.

9.  Venue is proper in this court pursuant to 735 ILCS 5/2-101 as, upon information, Defendant does business in this County.

10.  Venue lies in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and Defendant can be found in this District.

## RELEVANT FACTS

11.  Defendant is a nationwide hygienic product manufacturer and distributor.[2]

12.  Non-party Surge Staffing, a staffing agency, was engaged by the Plaintiff.

13.  Plaintiff was hired for a temporary position at the Defendant's 720 E 11th St, Chicago, IL 60628 location through Surge Staffing.

14.  When Plaintiff was hired by Defendant, he was required to enroll in Defendant's third-party biometric system, using a scan of his face or face geometry, so that a digital copy or

---

[1] Plaintiff seek statutory, liquidated damages of $1,000 for each negligent violation of BIPA and $5,000 for each intentional or reckless violation of BIPA and allege that there were not less than 540 BIPA violations.
[2] https://methodproducts.com/ (last accessed 5/27/2024)

mathematical template "based on" his face or face geometry can be stored on a database with his associated identity information.

15.     Defendant required Plaintiff to scan his face or face geometry using Defendant's time clock system at the start and conclusion of each working shift, and for lunch and breaks, while Plaintiff was employed with Defendant.

16.     Plaintiff was employed by the Defendant from September 21, 2020, to April 10th, 2021.

17.     For the purposes of this lawsuit, the Relevant Time Period is September 21, 2020, to April 10th, 2021.

18.     Defendant's time clock system scanned Plaintiff's face or face geometry no less than 540 times during the Relevant Time Period.

19.     The biometric time clock Plaintiff was required to use was mounted on the wall and located near the locker room at the location where Plaintiff worked for Defendant.

20.     The biometric time clock Plaintiff was required to use was owned, leased, operated and/or maintained by Defendant.

21.     Defendant had credentials to access and control the time clock that captured, collected, stored and/or otherwise obtained Plaintiff's biometric identifiers and/or information.

22.     Defendant had credentials to access and control the web-based software that ran on the time clock that captured, collected, stored and/or otherwise obtained Plaintiff's biometric identifiers or information.

23.     By owning, leasing, operating and/or maintaining the biometric time clock, Defendant possessed Plaintiff's biometric identifiers and/or information.

24.     By owning, leasing, operating or maintaining the biometric time clock, Defendant

collected, captured, and/or otherwise obtained Plaintiff's biometric identifiers and/or information.

25.     Through its control over and access to the biometric devices and accompanying web-based software, Defendant possessed Plaintiff's biometric identifiers and/or information.

26.     Through its control over and access to the biometric devices and accompanying web-based software, Defendant collected, captured, and/or otherwise obtained Plaintiff's biometric identifiers and/or information.

27.     Each time Plaintiff used the third-party biometric time clock, his biometrics were scanned, analyzed, or otherwise converted into digital information that was transmitted to and compared with the database to find a matching copy or template.

28.     Once a match was found, the Plaintiff was identified or authenticated, and the time of the scan was recorded.

29.     Defendant's third-party biometric system was used for employee identification, authentication, and to track Plaintiff's time worked.

30.     Defendant used, collected, otherwise obtained and/or stored Plaintiff's biometric data for purposes of time tracking and employee authentication.

31.     Alternatively, Defendant's biometric timekeeping system used, collected, otherwise obtained and/or stored an encrypted mathematical representation of each Plaintiff's specific face or face geometry characteristics for purposes of time tracking and employee authentication.

32.     In either event, Defendant's timekeeping system used, collected, and/or stored unique "biometric identifiers" and/or "biometric information," as both terms are defined below, belonging to Plaintiff.

33.     The Defendant failed to inform Plaintiff of the specific limited purposes for which

4

the Defendant collected, stored, or used his biometric identifier or biometric information.

34. Defendant never informed Plaintiff of the specific length of time for which Defendant would use or retain his "biometric identifier" or "biometric information."

35. Plaintiff never signed a written release allowing Defendant to collect, capture, or otherwise obtain his biometric information.

36. On information and belief, the Defendant did not have a data retention and destruction policy at any time during which it was collecting, capturing, or otherwise obtaining Plaintiff's "biometric information."

37. BIPA prohibits private entities from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's biometric information unless the private entity: (1) informs that person in writing that identifiers and information will be collected and/or stored; (2) informs the person in writing of the specific purpose and length for which the identifiers or information is being collected, stored or used; (3) receives a written release from the person for the collection of that data; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying said data. *See* 740 ILCS 14/15(a) and (b).

38. For BIPA purposes, a "biometric identifier" is a personal feature that is unique to an individual and specifically includes fingerprints. 740 ILCS § 14/10.

39. BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based upon an individual's biometric identifier used to identify the individual." *Id.*

40. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS 14/10.

41. Biometric identifiers include retina and iris scans, voiceprints, scans of hand and

face geometry, and fingerprints. *See* 740 ILCS 14/10. Biometric information is separately defined to include any information based on an identifier that is used to identify an individual. *See id*.

42.     Plaintiff seeks an award of liquidated damages due to the difficulty in quantifying his harm.

<u>**COUNT I**</u>

**Violation of § 15(a) of BIPA**
**[Failure to Institute, Maintain, and Adhere to Publicly Available Retention Schedule]**

43.     Plaintiff restates paragraphs 1 through 42 of the complaint as if set out here in full.

44.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention - and, importantly, deletion - policy. Specifically, these companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 15(a).

45.     Defendant failed to comply with these BIPA mandates.

46.     Defendant is a nongovernmental "private entity" under BIPA. *See* 740 § ILCS 14/10.

47.     Plaintiff is an individual who had "biometric identifiers" (in the form of his face or face geometry) collected by Defendant. *See* 740 ILCS § 14/10.

48.     Plaintiff's biometric identifiers were used to identify him and, therefore, they constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

49.     Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 15(a).

50.     Defendant failed to make any written policy establishing a retention schedule and

6

guidelines for permanent deletion of biometric data publicly available.

51.     Defendant failed to delete Plaintiff's biometric data when Plaintiff ceased working for Defendant, which is when Defendant's purpose for retaining that data ceased.

52.     Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's biometric data when the purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

53.     Defendant did not have a retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA when it collected Plaintiff's "biometric information." *See* 740 ILCS § 15(a).

54.     Plaintiff has never seen, been able to access, or been informed of any publicly available biometric data retention policy or guidelines developed by Defendant, nor has he ever seen, been able to access, or been informed of whether Defendant would ever permanently delete his biometric data.

55.     Defendant knew, or was reckless in not knowing, that the biometric-enabled time clock system it used would be subject to the provisions of BIPA, a law in effect since 2008, yet has completely failed to comply with Section 15(a) of BIPA, or otherwise intentionally or recklessly failed to comply with Section 15(a) of BIPA.

56.     Alternatively, Defendant negligently failed to comply with Section 15(a) of BIPA by failing to adhere to the reasonable standard of care in its industry with respect to biometric information and the mandates of Section 15(a) of BIPA.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court provide Plaintiff with the following relief:

a.  Declaring that Defendant violated Section 15(a) of BIPA;

b. Requiring Defendant to comply with BIPA's requirements for the collection, storage, use, and dissemination of biometric identifiers and biometric information as described herein;

c. Requiring Defendant to destroy biometric identifiers or biometric information pursuant to and in compliance with Section 15(a) of BIPA;

d. Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(a) of BIPA pursuant to 740 ILCS § 14/20(1);

e. Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(a) of BIPA pursuant to 740 ILCS § 14/20(2);

f. Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3); and

g. Enjoining Defendant from further violations of Section 15(a) of BIPA.

## <u>COUNT II</u>

### Violation of § 15(b) of BIPA
### [Failure to Obtain Informed Written Consent and Release
### Before Obtaining Biometric Identifiers or Information]

57.     Plaintiff restates paragraphs 1 through 42 of the Complaint as if set out here in full.

58.     BIPA requires companies to obtain informed written consent from its workers before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; ***and*** (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS § 14/15(b) (emphasis added).

59.     "A party violates Section 15(b) when it collects, captures, or otherwise obtains a

8

person's biometric information without prior informed consent. This is true the first time an entity scans a fingerprint or otherwise collects biometric information, but it is no less true with each subsequent scan or collection." *Cothron v. White Castle System, Inc*., 2023 IL 128004 ¶ 24 (internal citation omitted).

60.     Informed consent is the "heart of BIPA.*" Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020).

61.     Defendant failed to comply with these BIPA mandates.

62.     Defendant is a nongovernmental "private entity" under BIPA. *See* 740 § ILCS 14/10.

63.     Plaintiff is an individual who had "biometric identifiers" (in the form of his face or face geometry) collected by Defendant. *See* 740 ILCS § 14/10.

64.     Plaintiff's biometric identifiers were used to identify him and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

65.     Defendant collected, captured or otherwise obtained Plaintiff's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS § 14/15(b)(3).

66.     Defendant never informed Plaintiff in writing that his biometric identifier or biometric information was being collected or stored, or of the specific length of term for which his biometric identifiers and/or biometric information were being collected, stored or used before collecting, storing or using that data as required by 740 ILCS § 14/15(b)(1)-(2).

67.     Prior to collecting Plaintiff's biometric identifiers and information, Defendant never obtained a written release authorizing such collection. 740 ILCS § 14/15(b)(3).

68.     By collecting, capturing, and otherwise obtaining Plaintiff's biometric identifiers or information as described herein, Defendant violated Plaintiff's privacy in his biometric

identifiers and information as set forth in BIPA *each time* the Defendant collected, captured, obtained, stored or used Plaintiff's biometric identifiers or information. *See* 740 ILCS § 14/1, *et seq*.; *Cothron v. White Castle System, Inc*., 2023 IL 128004 ¶ 24. "[T]he plain language of section 15(b) and 15(d) demonstrates that such violations occur with every scan or transmission." *Id.* At ¶

69.     Defendant knew, or was reckless in not knowing, that the biometric timekeeping systems used would be subject to the provisions of BIPA, a law in effect since 2008, yet completely failed to comply with Section 15(b) of BIPA, or otherwise intentionally or recklessly failed to comply with Section 15(b) of BIPA.

70.     Alternatively, Defendant negligently failed to comply with Section 15(b) of BIPA by failing to adhere to the reasonable standard of care in its industry with respect to biometric information and the mandates of Section 15(b) of BIPA.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court provide Plaintiff with the following relief:

a.  Declaring that Defendant violated Section 15(b) of BIPA;

b.  Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(b) of BIPA pursuant to 740 ILCS § 14/20(1);

c.  Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(b) of BIPA pursuant to 740 ILCS § 14/20(2);

d.  Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3); and

e.  Enjoining Defendant from further violations of Section 15(b) of BIPA.

## COUNT III

### Violation of § 15(d) of BIPA
### [Disclosure of Biometric Identifiers or Information Without Obtaining Consent]

71.     Plaintiff restates paragraphs 1 through 42 of the complaint as if set out here in full.

72. BIPA prohibits private entities from disclosing, redisclosing or otherwise disseminating a person's or customer's biometric identifier or biometric information without obtaining consent for that disclosure, redisclosure or dissemination, with limited exceptions, none of which are appliable here. 740 ILCS § 14/15(d).

73. Defendant failed to comply with this BIPA mandate.

74. Defendant is a nongovernmental "private entity" under BIPA. *See* 740 § ILCS 14/10.

75. Plaintiff is an individual who had "biometric identifiers" (in the form of his face or face geometry) collected by Defendant, as explained in detail above. *See* 740 ILCS § 14/10.

76. The Plaintiff's biometric identifiers, and all data derived from him, including any mathematical representations of the biometric identifiers, were used to identify him, and therefore, they constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

77. On information and belief, Defendant systematically and automatically collected, captured, or otherwise disseminated Plaintiff's biometric identifiers and/or biometric information to at least one third-party payroll vendor to process payroll for its employees including the Plaintiff, without obtaining the consent required by 740 ILCS § 14/15(d)(1).

78. By utilizing a biometric timekeeping system (time clock and timekeeping databases), Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated biometric identifiers or biometric information of Plaintiff to at least its payroll or biometric time clock vendor without first obtaining the Plaintiff's consent required by 740 ILCS § 14/15(d)(1).

79. By disclosing, redisclosing, or otherwise disseminating Plaintiff's biometric identifiers and/or biometric information without his consent as described herein, Defendant violated BIPA *each time* there was a disclosure, redisclosure or dissemination of the Plaintiff's

biometric identifiers in violation of Plaintiff's rights to privacy in his biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq.*

80.    Defendant knew, or was reckless in not knowing, that the biometric timekeeping systems used would be subject to the provisions of BIPA, a law in effect since 2008, yet completely failed to comply with the statute, or otherwise intentionally or recklessly failed to comply with Section 15(b) of BIPA.

81.    Alternatively, Defendant negligently failed to comply with Section 15(d) of BIPA by failing to adhere to the reasonable standard of care in its industry with respect to biometric information and the mandates of Section 15(d) of BIPA.

82.    "[T]he plain language of section 15(d) supports the conclusion that a claim accrues upon each transmission of a person's biometric identifier or information without prior informed consent." *White Castle System, Inc*., 2023 IL 128004 at ¶ 29.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court provide  Plaintiff with the following relief:

    a.    Declaring that Defendant violated Section 15(d) of BIPA;

    b.    Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(d) of BIPA pursuant to 740 ILCS § 14/20(1);

    c.    Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(d) of BIPA pursuant to 740 ILCS § 14/20(2);

    d.    Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3); and

    e.    Enjoining Defendant from further violations of Section 15(d) of BIPA.

## JURY DEMAND

Plaintiff hereby respectfully demands a trial by jury.

*Respectfully submitted,*

**TERRY ARRINGTON**

*/s/ Samuel L. Eirinberg*

Majdi Hijazin
Samuel L. Eirinberg
DJC LAW, PLLC
140 S. Dearborn Street, Ste. 1610
Chicago, Illinois 60603
(872) 804-3400
sam@teamjustice.com
majdi@teamjustice.com

Nick Wooten
DJC LAW, PLLC
1012 West Anderson Lane
Austin, Texas  78757
(512) 220-1800
nick@teamjustice.com
*Lead Trial Attorney*

*Counsel for Plaintiff*