**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **TERRY ARRINGTON,**<br><br>　　　　　　Plaintiff,<br>vs.<br><br>**METHOD PRODUCTS, PBC (CORPORATION) d/b/a ECOVER US and METHOD PRODUCTS, PBC; and SURGE STAFFING, LLC**<br><br>　　　　　　Defendants. | Case No.: 1:24-cv-04535<br><br>Judge: Manish S. Shah |

**SECOND AMENDED COMPLAINT**

TERRY ARRINGTON ("Plaintiff"), through counsel, for his Second Amended Complaint against Defendants, METHOD PRODUCTS, PBC (CORPORATION) d/b/a ECOVER US and METHOD PRODUCTS, PBC ("Method"), and SURGE STAFFING, LLC ("Surge") (collectively, "Defendants") states:

**NATURE OF THE CASE**

1. This is an action to recover statutory damages and for injunctive relief arising out of unlawful collection, receipt, use, possession, retention and disclosure of the personal biometric identifiers and biometric information of Plaintiff in violation of the Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1 (2008).

**THE PARTIES**

2. Plaintiff is a natural person and is domiciled in Illinois.

3. Method is a global manufacturer of cleaning products and is owned by non-party S. C. Johnson & Son since 2017.

4. Surge is a national staffing and workforce solutions company.

1

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds $75,000.00[1] exclusive of punitive damages, and/or interest and costs, and is between citizens of different States.

6. Plaintiff is a citizen of Illinois.

7. Method is a corporation organized under Delaware law and headquartered in California. For jurisdictional purposes, Method is a citizen of Delaware and California.

8. Surge is a limited liability company. For jurisdictional purposes, it is a citizen of the state where any of its members are citizens.

9. Plaintiff has performed a diligent investigation into Surge's citizenship by consulting available public records.

10. Upon information and belief formed based on Plaintiff's diligent investigation, Surge is a member managed company whose sole member is Ryan Mason, a citizen of Ohio.

11. For jurisdictional purposes, Surge is a citizen of Ohio.

12. This Court has personal jurisdiction over Defendants because they conduct substantial business in Illinois and the events or omissions giving rise to the claims asserted herein occurred in Illinois.

13. Venue lies in this District pursuant to 28 U.S.C. §1391(b) because Defendants conduct substantial business in this District, the events or omissions giving rise to the claims asserted herein occurred in this District and Defendants can be found in this District.

---

[1] Plaintiff seeks statutory, liquidated damages of $1,000 for each negligent violation of BIPA and $5,000 for each intentional or reckless violation of BIPA and allege that there were not less than 540 BIPA violations.

**RELEVANT FACTS**

14. Surge employed the Plaintiff and placed him in a temporary position as a worker at Method's facility located at 720 E 11th St, Chicago, IL 60628.

15. At all times relevant to this Complaint, Surge was acting as the actual agent of Method because Surge had the contractual authority of Method to provide and operate the biometric time clock at Method's Chicago facility where Plaintiff worked.

16. Method is vicariously liable for the actions of its contractual agent, Surge.

17. "BIPA's inclusion of 'corporation' in its definition of 'private entity' is reasonably interpreted to include the corporation's agents, including its employees and other hired agents." *Rogers v. BNSF Ry. Co.*, No. 19 C 3083, 2022 U.S. Dist. LEXIS 173322, at *3-5 (N.D. Ill. Sep. 26, 2022) (internal citation omitted).

18. When Plaintiff was hired by Surge, he was required to enroll in Surge's biometric time clock system using a scan of his face or face geometry, so that a digital copy or mathematical template "based on" his face or face geometry could be stored on a database with his associated identity information.

19. Surge required Plaintiff to scan his face or face geometry using Surge's time clock system at the start and conclusion of each working shift, and for lunch and breaks, while Plaintiff was employed by Surge working for Method.

20. Plaintiff was employed by Surge from September 21, 2020, to April 10, 2021.

21. For the purposes of this lawsuit, the Relevant Time Period is September 21, 2020, to April 10, 2021.

22. Surge's time clock system scanned Plaintiff's face or face geometry no less than 540 times during the Relevant Time Period.

23. The biometric time clock Plaintiff was required to use was mounted on the wall and located near the locker room at the location where Plaintiff worked for Method.

24. The biometric time clock Plaintiff was required to use was owned, leased, operated and/or maintained by Surge.

25. Surge had credentials to access and control the time clock that captured, collected, stored and/or otherwise obtained Plaintiff's biometric identifiers and/or information.

26. Surge had credentials to access and control the web-based software that ran on the time clock that captured, collected, stored and/or otherwise obtained Plaintiff's biometric identifiers or information.

27. By owning, leasing, operating and/or maintaining the biometric time clock, Surge possessed Plaintiff's biometric identifiers and/or information.

28. By owning, leasing, operating or maintaining the biometric time clock, Surge collected, captured, and/or otherwise obtained Plaintiff's biometric identifiers and/or information.

29. Through its control over and access to the biometric time clock and accompanying web-based software, Surge possessed Plaintiff's biometric identifiers and/or information.

30. Through its control over and access to the biometric time clock and accompanying web-based software, Surge collected, captured, or otherwise obtained Plaintiff's biometric identifiers and/or information.

31. Each time Plaintiff used the biometric time clock, his biometrics were scanned, analyzed, or otherwise converted into digital information that was transmitted to and compared with the database to find a matching copy or template.

32. Once a match was found, the Plaintiff was identified or authenticated, and the time of the scan was recorded.

33. Surge's biometric time clock was used for employee identification, authentication, and to track Plaintiff's time worked.

34. Surge collected, captured, used, stored, possessed and/or otherwise obtained Plaintiff's biometric data for purposes of time tracking and employee authentication.

35. Alternatively, Surge collected, captured, used, stored, possessed and/or otherwise obtained an encrypted mathematical representation of Plaintiff's specific face or face geometry's characteristics for purposes of time tracking and employee authentication.

36. In either event, Surge's biometric time clock collected, captured, used, stored, possessed and/or otherwise obtained "biometric identifiers" and/or "biometric information," as both terms are defined below, belonging to Plaintiff.

37. Surge failed to inform Plaintiff of the specific limited purposes for which it collected, possessed, stored, or used his biometric identifiers or biometric information.

38. Surge never informed Plaintiff of the specific length of time for which Defendant would use or retain his "biometric identifiers" or "biometric information."

39. Plaintiff never signed a written release allowing Defendant to collect, capture, or otherwise obtain his biometric information.

40. On information and belief, Surge did not have a data retention and destruction policy at any time during which it was collecting, capturing, possessing or otherwise obtaining Plaintiff's "biometric information."

41. BIPA prohibits private entities from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's biometric information unless the private entity: (1) informs that person in writing that identifiers and information will be collected and/or stored; (2) informs the person in writing of the specific purpose and length for which the identifiers or

5

information is being collected, stored or used; (3) receives a written release from the person for the collection of that data; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying said data. *See* 740 ILCS 14/15(a) and (b).

42. For BIPA purposes, a "biometric identifier" is a personal feature that is unique to an individual and specifically includes fingerprints. 740 ILCS § 14/10.

43. BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based upon an individual's biometric identifier used to identify the individual." *Id*.

44. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS 14/10.

45. Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and fingerprints. *See* 740 ILCS 14/10. Biometric information is separately defined to include any information based on an identifier that is used to identify an individual. *See id*.

46. Plaintiff seeks an award of liquidated damages due to the difficulty in quantifying his harm.

## COUNT I
### (Against Method and Surge)

**Violation of § 15(a) of BIPA**
**[Failure to Institute, Maintain, and Adhere to Publicly Available Retention Schedule]**

47. Plaintiff restates paragraphs 1 through 46 of the complaint as if set out here in full.

48. BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention - and, importantly, deletion - policy. Specifically, these companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the

6

company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 15(a).

49. Surge failed to comply with these BIPA mandates.

50. Surge and Method is each a nongovernmental "private entity" under BIPA. *See* 740 § ILCS 14/10.

51. Plaintiff is an individual who had "biometric identifiers" (in the form of his face or face geometry) collected by Surge. *See* 740 ILCS § 14/10.

52. Plaintiff's biometric identifiers were used to identify him and, therefore, they constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

53. Surge failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 15(a).

54. Surge failed to make any written policy establishing a retention schedule and guidelines for permanent deletion of biometric data publicly available.

55. Surge failed to delete Plaintiff's biometric data when Plaintiff ceased working for Surge, which is when Surge's purpose for retaining that data ceased.

56. Surge lacks retention schedules and guidelines for permanently destroying Plaintiff's biometric data when the purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

57. Surge did not have a retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA when it collected Plaintiff's "biometric information." *See* 740 ILCS § 15(a).

58. Plaintiff has never seen, been able to access, or been informed of any publicly available biometric data retention policy or guidelines developed by Surge, nor has he ever seen, been able to access, or been informed of whether Surge would ever permanently delete his biometric data.

59. Surge used a biometric time clock system that is subject to the provisions of BIPA, a law in effect since 2008, and failed to comply with Section 15(a) of BIPA as it relates to the Plaintiff.

60. Surge is strictly liable to the Plaintiff for Surge's violations of Section 15(a) of BIPA.

**WHEREFORE,** Plaintiff, Terry Arrington, respectfully requests that this Honorable Court provide Plaintiff with the following relief against Method and Surge:

a. Declaring that Surge violated Section 15(a) of BIPA;

b. Requiring Surge to comply with BIPA's requirements for the collection, storage, use, and retention and destruction of biometric identifiers and biometric information as described herein;

c. Requiring Surge to destroy biometric identifiers or biometric information pursuant to and in compliance with Section 15(a) of BIPA;

d. Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(a) of BIPA pursuant to 740 ILCS § 14/20(1);

e. Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(a) of BIPA pursuant to 740 ILCS § 14/20(2);

f. Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3);

g. Awarding pre- and post-judgment interest as allowable; and

h. Enjoining Surge from further violations of Section 15(a) of BIPA.

**COUNT II**
**(Against Method and Surge)**

**Violation of § 15(b) of BIPA**
**[Failure to Obtain Informed Written Consent and Release**
**Before Obtaining Biometric Identifiers or Information]**

61. Plaintiff restates paragraphs 1 through 46 of the Complaint as if set out here in full.

62. BIPA requires companies to obtain informed written consent from its workers before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; ***and*** (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS § 14/15(b) (emphasis added).

63. "A party violates Section 15(b) when it collects, captures, or otherwise obtains a person's biometric information without prior informed consent. This is true the first time an entity scans a fingerprint or otherwise collects biometric information, but it is no less true with each subsequent scan or collection." *Cothron v. White Castle System, Inc.*, 2023 IL 128004 ¶ 24 (internal citation omitted).

64. Informed consent is the "heart of BIPA.*" Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020).

65. Surge failed to comply with these BIPA mandates.

66. Method and Surge is each a nongovernmental "private entity" under BIPA. *See* 740 § ILCS 14/10.

9

67. Plaintiff is an individual who had "biometric identifiers" (in the form of his face or face geometry) collected by Surge. *See* 740 ILCS § 14/10.

68. Plaintiff's biometric identifiers were used to identify him and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

69. Surge collected, captured or otherwise obtained Plaintiff's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS § 14/15(b)(3).

70. Surge never informed Plaintiff in writing that his biometric identifier or biometric information was being collected or stored, or of the specific length of term for which his biometric identifiers and/or biometric information were being collected, stored or used before collecting, storing or using that data as required by 740 ILCS § 14/15(b)(1)-(2).

71. Prior to capturing, collecting or otherwise obtaining Plaintiff's biometric identifiers and information, Surge never obtained a written release authorizing such collection. 740 ILCS § 14/15(b)(3).

72. By collecting, capturing, or otherwise obtaining Plaintiff's biometric identifiers or information as described herein, Surge violated Plaintiff's privacy in his biometric identifiers and information as set forth in BIPA *each time* Surge collected, captured, obtained, stored or used Plaintiff's biometric identifiers or information. *See* 740 ILCS § 14/1, *et seq.*; *Cothron v. White Castle System, Inc.*, 2023 IL 128004 ¶ 24. "[T]he plain language of section 15(b) and 15(d) demonstrates that such violations occur with every scan or transmission." *Id.* At ¶

73. Surge used a biometric time clock system that is subject to the provisions of BIPA, a law in effect since 2008, and failed to comply with Section 15(b) of BIPA as it relates to the Plaintiff.

10

74. Method and Surge are strictly liable to the Plaintiff for Surge's violations of Section 15(b) of BIPA.

**WHEREFORE**, Plaintiff, Terry Arrington, respectfully requests that this Honorable Court provide Plaintiff with the following relief against Method and Surge:

a. Declaring that Surge violated Section 15(b) of BIPA;

b. Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(b) of BIPA pursuant to 740 ILCS § 14/20(1);

c. Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(b) of BIPA pursuant to 740 ILCS § 14/20(2);

d. Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3); and

e. Enjoining Surge from further violations of Section 15(b) of BIPA.

## COUNT III
### (Against Method and Surge)

**Violation of § 15(d) of BIPA**
**[Disclosure of Biometric Identifiers or Information Without Obtaining Consent]**

75. Plaintiff restates paragraphs 1 through 46 of the complaint as if set out here in full.

76. BIPA prohibits private entities from disclosing, redisclosing or otherwise disseminating a person's or customer's biometric identifier or biometric information without obtaining consent for that disclosure, redisclosure or dissemination, with limited exceptions, none of which are appliable here. 740 ILCS § 14/15(d).

77. Surge failed to comply with this BIPA mandate.

78. Method and Surge is each a nongovernmental "private entity" under BIPA. *See* 740 § ILCS 14/10.

79. Plaintiff is an individual who had "biometric identifiers" (in the form of his face or face geometry) collected by Surge, as explained in detail above. *See* 740 ILCS § 14/10.

80. The Plaintiff's biometric identifiers, and all data derived from him, including any mathematical representations of the biometric identifiers, were used to identify him, and therefore, they constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

81. On information and belief, Surge systematically and automatically disclosed or disseminated Plaintiff's biometric identifiers and/or biometric information to at least one third-party payroll vendor to process payroll for its employees including the Plaintiff, without obtaining the consent required by 740 ILCS § 14/15(d)(1).

82. By utilizing a biometric timekeeping system (time clock and timekeeping databases), Defendant systematically and automatically disclosed or disseminated biometric identifiers or biometric information of Plaintiff to at least its payroll or biometric time clock vendor without first obtaining the Plaintiff's consent required by 740 ILCS § 14/15(d)(1).

83. By disclosing or disseminating Plaintiff's biometric identifiers and/or biometric information without his consent as described herein, Defendant violated BIPA *each time* there was a disclosure, redisclosure or dissemination of the Plaintiff's biometric identifiers in violation of Plaintiff's rights to privacy in his biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq*.

84. Surge used a biometric time clock system that is subject to the provisions of BIPA, a law in effect since 2008, and failed to comply with Section 15(d) of BIPA as it relates to the Plaintiff.

85. Method and Surge are strictly liable to the Plaintiff for Surge's violations of Section 15(d) of BIPA.

86. "[T]he plain language of section 15(d) supports the conclusion that a claim accrues upon each transmission of a person's biometric identifier or information without prior informed

consent." *White Castle System, Inc.*, 2023 IL 128004 at ¶ 29.

**WHEREFORE**, Plaintiff, Terry Arrington, respectfully requests that this Honorable Court provide Plaintiff with the following relief against Method and Surge:

a. Declaring that Surge violated Section 15(d) of BIPA;

b. Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(d) of BIPA pursuant to 740 ILCS § 14/20(1);

c. Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(d) of BIPA pursuant to 740 ILCS § 14/20(2);

d. Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3); and

e. Enjoining Surge from further violations of Section 15(d) of BIPA.

## JURY DEMAND

Plaintiff hereby respectfully demands a trial by jury.

*Respectfully submitted,*

**TERRY ARRINGTON**

/s/ Samuel L. Eirinberg_____
Majdi Hijazin
Samuel L. Eirinberg
DJC LAW, PLLC
140 S. Dearborn Street, Ste. 1610
Chicago, Illinois 60603
(872) 804-3400
sam@teamjustice.com
majdi@teamjustice.com

Nick Wooten
DJC LAW, PLLC
1012 West Anderson Lane
Austin, Texas 78757
(512) 220-1800
nick@teamjustice.com
*Lead Trial Attorney*
*Counsel for Plaintiff*

13